United States v. Jackson

**UNITED STATES COURT OF APPEALS**
**FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of June, two thousand seventeen.

PRESENT: DENNIS JACOBS,
       DEBRA ANN LIVINGSTON,
            Circuit Judges,
       LEWIS A. KAPLAN,*
            District Judge.

- - - - - - - - - - - - - - - - - - - - - - - -X
UNITED STATES OF AMERICA,
       Appellee,

       -v.-                                    15-2186

CLIFTON JACKSON,
       Defendant-Appellant.

- - - - - - - - - - - - - - - - - - - - - - - -X

---

* Judge Lewis A. Kaplan, of the United States District Court for the Southern District of New York, sitting by designation.

1

**FOR APPELLANT:**                          DANIEL M. PEREZ, Law Offices
                                           of Daniel M. Perez, Newton,
                                           NJ.

**FOR APPELLEE:**                          JOSEPH J. KARASZEWSKI,
                                           Assistant United States
                                           Attorney, <u>for</u> James P.
                                           Kennedy, Jr., Acting United
                                           States Attorney for the
                                           Western District of New York,
                                           Buffalo, NY.

Appeal from a judgment of the United States District Court for the Western District of New York (Crawford, <u>J.</u>).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED AND DECREED** that the judgment of the district court be **AFFIRMED**.

Defendant Clifton Jackson, who was convicted on numerous charges related to the filing of fraudulent tax returns, appeals from the denial of a motion for a new trial pursuant to Federal Rule of Criminal Procedure 33.  We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

Jackson was indicted in April 2013 and charged with sixty-six counts of conspiracy to unlawfully use Social Security numbers, conspiracy to defraud the government, submission of false claims, Social Security fraud, theft of government property, and aggravated identify theft.  These charges arose out of a 2012 scheme in which Jackson, with the help of three co-conspirators, filed fraudulent tax returns online using the names and Social Security numbers of other people, and then collected the tax refunds in the form of prepaid debit cards.  Jackson's three co-conspirators provided internet access, obtained Social Security numbers and other identifying information, received tax refund debit cards in the mail, and withdrew money stored on debit cards.  At an eight-day jury trial in January 2015, the government adduced testimony from the three co-conspirators, as well as extensive other evidence.  Jackson was found guilty on fifty-eight of the sixty-six counts in the indictment.

2

On appeal, Jackson relies on the government's failure to disclose impeachment evidence concerning Jackson's co-conspirator DeWayne Vass. Prior to calling Vass as a witness, the government disclosed his criminal history pursuant to its obligations under Brady v. Maryland, 373 U.S. 83 (1963), and Giglio v. United States, 405 U.S. 150 (1972). That history consisted of three felony drug convictions: two in 2007 (for which he received concurrent sentences of six years and two-and-a-half years, and for which he was released from prison in December 2011) and one in 2004 (for which he received a sentence of one year). During Vass's cross-examination, Jackson's counsel impeached Vass's credibility in a number of ways, including with his criminal history.[1]

What was not disclosed to Jackson was the fact that, while Vass was on pretrial release in June 2014, he had been recorded discussing apparent drug trafficking on an intercepted wiretap in an unrelated criminal investigation. Vass was not arrested or charged as a result of that investigation, which focused on a sprawling drug trafficking conspiracy in the Western District of New York between June 2013 and July 2014.

In June 2015, Jackson filed a Rule 33 motion for a new trial based on the government's failure to disclose Vass's appearance on the wiretap. The government conceded that it should have disclosed the information, but argued that its failure to do so did not warrant a new trial.[2] The district court agreed and denied Jackson's motion, reasoning that the undisclosed evidence would likely not have altered the outcome of the trial because it was cumulative of other impeachment evidence and because guilt was well established.

Under Rule 33, a district court "may vacate any judgment and grant a new trial if the interest of justice so requires." Fed. R. Crim. P. 33(a). "We review a district court's denial

---

[1] Vass was also questioned about his prior false statements to investigating agents, government pressure to cooperate, and alleged tax-related misconduct by his cousins.

[2] Although it is legally irrelevant, the government explained that the nondisclosure was inadvertent and that the unrelated investigation was overseen by different prosecutors.

of a Rule 33 motion deferentially and will reverse only for abuse of discretion." United States v. Snype, 441 F.3d 119, 140 (2d Cir. 2006). "The trial court has broad discretion to decide Rule 33 motions based upon its evaluation of the proof produced, and its ruling is deferred to on appeal because, having presided over the trial, it is in a better position to decide what effect the newly discovered materials might have had on the jury." United States v. Gambino, 59 F.3d 353, 364 (2d Cir. 1995) (internal quotation marks and citations omitted). We identify no abuse of discretion in this case.

"A new trial is warranted under Brady v. Maryland, 373 U.S. 83 (1963), . . . where (1) the government failed to disclose favorable evidence, and (2) . . . the evidence it suppressed was material." United States v. Wong, 78 F.3d 73, 79 (2d Cir. 1996) (internal quotation marks omitted). This rule applies to evidence that can be used to impeach a government witness. Giglio, 405 U.S. at 154. However, "undisclosed impeachment evidence is not material in the Brady sense when, although 'possibly useful to the defense,' it is 'not likely to have changed the verdict.'" United States v. Persico, 645 F.3d 85, 111 (2d Cir. 2011) (quoting Giglio, 405 U.S. at 154).

> [W]here the undisclosed evidence merely furnishes an additional basis on which to challenge a witness whose credibility has already been shown to be questionable or is subject to extensive attack by reason of other evidence, the undisclosed evidence may properly be viewed as cumulative, and hence not material, and not worthy of a new trial.

Id.

The district court did not abuse its discretion by concluding that the undisclosed evidence against Vass was immaterial. Vass's credibility was already undermined by, inter alia, his three prior drug convictions (for which he received substantial sentences), as well as his admitted participation in the instant tax fraud scheme. Inconclusive evidence of Vass's continuing involvement in drug trafficking may have further eroded his character for truthfulness, but only marginally so. Because the impeachment value of the

undisclosed evidence was incremental, it was properly viewed as cumulative.  See Wong, 78 F.3d at 80 (affirming denial of Rule 33 motion where defense counsel had "sufficient ammunition" concerning government witness's credibility). Even if the undisclosed evidence were not cumulative, it would nonetheless be immaterial because Jackson's guilt was firmly established by evidence unrelated to Vass, including other co-conspirator testimony describing in detail how Jackson orchestrated and executed the tax fraud scheme.  See United States v. Locascio, 6 F.3d 924, 949 (2d Cir. 1993) (new trial not warranted unless evidence would "probably lead to an acquittal" (internal quotation marks omitted)).

Jackson argues that the undisclosed evidence of Vass's apparent drug trafficking activity, combined with the government's decision not to prosecute him for drug trafficking or to seek the revocation of his pretrial release, is material because it suggests that Vass's testimony was given in exchange for preferential treatment.  That argument fails for two reasons.  First, because Vass resisted answering the government's questions at trial, the government used Vass's grand jury testimony (with Jackson's consent), testimony that was given before Vass was caught on the wiretap discussing possible drug trafficking.  Second, as explained above, even if the jury discounted everything Vass said, other record evidence was more than sufficient to prove Jackson's guilt.

Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK